USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                               :
ALTICE USA, INC. and CSC HOLDINGS, LLC,   :
                                               :
                        Movants,         :       24-MC-85 (VEC)
                                                 :
          -against-                      :          <u>ORDER</u>
                                                 :
OPSEC ONLINE LLC,                          :
                       Respondent.    :
                                                 :
------------------------------------------------------------------- :
                                                X

VALERIE CAPRONI, United States District Judge:

On February 23, 2024, Altice USA, Inc. and CSC Holdings, LLC (together, "Altice" or "Movant") moved to compel OpSec Online LLC ("OpSec" or "Respondent") to comply with a subpoena *duces tecum* dated June 29, 2023, which demanded production of documents in connection with ongoing litigation between Altice and third parties in the District Court for the Eastern District of Texas. *See* Not. of Mot., Dkt. 1. Respondent opposed the motion, stating that it had already produced thousands of pages in compliance with the subpoena. *See* OpSec Mem., Dkt. 10 at 2. Altice acknowledged that the motion was at least partially mooted, Reply Mem., Dkt. 11 at 3, and the parties subsequently informed the Court that only six requests for production remain in dispute. Joint Letter, Dkt. 15. For the following reasons, the motion to compel is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Record companies and music publishers sued Altice in the District Court for the Eastern District of Texas (the "Underlying Litigation"). *See* Amend. Compl., *BMG Rights Management (US) LLC v. Altice USA, Inc.*, No. 2:22-cv-00471-JRG (E.D. Tex.), Dkt. 86. The plaintiffs in the

Underlying Litigation allege that Altice, by providing high-speed internet services to subscribers who commit copyright violations, has knowingly contributed to and earned profits from that copyright infringement. *Id.* ¶ 9. The plaintiffs' theory of liability is that Altice did not swiftly terminate subscribers' accounts after their IP addresses had been identified in notices of infringement. *Id.* ¶ 16. The copyright infringement notices had been sent by OpSec, the Respondent in this matter; OpSec is a software company that provides a range of services including detecting online piracy. Altice Mem. at 3.

On June 29, 2023, in connection with the Underlying Litigation, Movant served a third-party subpoena *duces tecum* (the "Subpoena") on Respondent. *See* Padmanabhan Decl., Dkt. 3, Ex. A. The Subpoena requested forty-four categories of documents about, *inter alia*, OpSec's system for identifying infringing content, its contract with the plaintiffs in the Underlying Litigation, and the copyright infringement notices it sent to Altice. *Id.* at 12–20. The Subpoena required compliance by July 19, 2023, and identified the place of compliance as the offices of Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166. *See id.* at 1.

Altice granted extensions of time to respond, Altice Mem. at 4, and OpSec provided its initial response on August 2, 2023. Padmanabhan Decl., Dkt. 3, Ex. B. OpSec's response asserted various boilerplate objections, but OpSec also agreed to produce limited categories of documents. *Id.* After numerous meet and confers, OpSec amended its response on January 29, 2024, and agreed to produce a much broader set of materials (the "January 2024 Response").[1] *See* Padmanabhan Decl., Dkt. 3, Ex. C. OpSec initially agreed to start rolling productions on

---

[1] OpSec served further amended supplemental responses to the document subpoena on February 16, 2024, to designate its source code as "RESTRICTED CONFIDENTIAL SOURCE CODE" subject to the parties' protective order. Padmanabhan Decl., Dkt. 3, Ex. D.

2

February 12, 2024, but that date came and went without a production.  *See* Padmanabhan Decl., Dkt. 3 ¶ 2.

Altice filed the instant motion to compel compliance with the Subpoena on February 23, 2024 (the "Motion to Compel").[2]  *See* Not. of Mots., Dkt. 1.  Because the fact discovery deadline in the Underlying Litigation is April 1, 2024, Padmanabhan Decl., Dkt. 3, Ex. E, the Court ordered expedited briefing.  Order, Dkt. 6.  OpSec argued that the Motion to Compel is moot because it had already produced (a) two complete copies of its source code, which constituted 23,693 files, and (b) more than 1 million pages of documents (produced on March 5 and 6, 2024).  *See* OpSec Mem., Dkt. 10 at 8–9.  Altice acknowledged that a portion of its motion was moot.  *See* Reply Mem., Dkt. 11 at 3.

The Undersigned ordered the parties to meet and confer to resolve any remaining disputes and, if any remained, to submit a joint letter stating specifically which documents are in dispute and the parties' positions on each dispute.  Order, Dkt. 13.  The parties did so and identified six requests for production ("Requests") that remain in dispute.  Joint Letter, Dkt. 15.

I.     **The Motion to Compel is Granted in Part and Denied in Part**

Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality standards of Rule 26.  *See Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 17-CV-2614 (WHP) (KHP), 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020).  Under Rule 26(b)(1), discoverable information is any non-privileged information that is "relevant to any party's claim or defense and proportional to the needs of the case."  Although relevancy is a low threshold, a court must limit the "frequency or extent of discovery" if the discovery sought is

---

[2]     Altice had previously filed a motion to compel on December 20, 2023, in the District Court for the Central District of California.  *See* Padmanabhan Decl., Dkt. 3 ¶ 3.  OpSec objected to that Court's jurisdiction because the place of compliance for the Subpoena is New York.  *Id.*  The California Court denied Altice's motion to compel based on lack of jurisdiction.  Reynolds Decl., Dkt. 8, Ex. F.

"unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

The party moving to compel bears the burden of demonstrating that its requests are proportional. *Benn v. City of New York*, No. 18-CV-722 (LGS) (OTW), 2019 WL 4857339, at *2 (S.D.N.Y. Oct. 2, 2019). Courts routinely limit production of relevant materials when the movant fails to show that the information sought is proportional to the needs of the case, especially when the movant has received other discovery serving the same purpose. *See, e.g.*, *Aviles v. S&P Glob., Inc.*, No. 17-CV-2987 (JPO) (KHP), 2022 WL 278557, at *3 (S.D.N.Y. Jan. 31, 2022) (denying motion to compel banks' internal emails about loans when they had already produced the complete loan file); *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18-CV-03025 (PGG) (VF), 2022 WL 2817141, at *3 (S.D.N.Y. July 19, 2022) (denying motion to compel consolidated income statements where moving party received other voluminous financial data).

### A. Request 4

Request 4 seeks all communications relating to the negotiation of the agreements between OpSec and the Recording Industry Association of America (the "RIAA") pursuant to which notices of alleged copyright infringement were sent to Altice.[3] Padmanabhan Decl., Dkt. 3, Ex. A at 13. In its January 2024 Response, OpSec agreed to produce "any non-privileged, non-protected communications concerning the negotiations relating to such agreements, in its possession, custody, or control, from January 1, 2017[,] to December 31, 2023[,] based on a reasonable search of its records that is proportional to the needs of the case." Padmanabhan Decl., Dkt. 3, Ex. C at 14. The agreement to produce was subject to the general objection that

---

[3] Request 4 also sought the agreements themselves, but the agreements have already been produced and, therefore, the request to produce the agreements is not in dispute. Joint Letter, Dkt. 15 at 1.

the subpoena was seeking "information available from a party in [the Underlying Litigation] or from a public source as to which the burden of obtaining such information is substantially the same for [Altice] as it would be for OpSec." *Id.* at 5.

OpSec now reiterates its position that Altice could and should obtain these documents from the plaintiffs in the Underlying Litigation. Joint Letter, Dkt. 15 at 6. In fact, Altice has already received responsive documents and a privilege log from both the plaintiffs and the RIAA. *Id.* Altice notes that the RIAA intends to produce additional documents that it previously withheld as privileged. *Id.* at 3. OpSec argues that it should not be required to duplicate those efforts. *See Torre v. Charter Comms., Inc.*, No. 19-CV-5708 (JMF), 2020 WL 7705940, at *1 (S.D.N.Y. Dec. 28, 2020) (subpoena that seeks party documents from non-party imposes undue burden and should be quashed).

The Court agrees. The motion to compel compliance with Request 4 is DENIED.

### B. Request 18

Request 18 seeks all communications with the plaintiffs in the Underlying Litigation, the RIAA, or any other individual or entity about the copyrighted material, the Underlying Litigation, and OpSec's system and services. Padmanabhan Decl., Dkt. 3, Ex. A at 16. In its January 2024 Response, OpSec agreed to produce documents "that reflect OpSec Online's communications with any Plaintiff(s), the RIAA, or any other individual or entity concerning the Copyright Works, this litigation, or OpSec Online's System or services in connection with OpSec Online's peer-to-peer services relating to the Copyright Works and notices of infringement sent to Altice based on a reasonable search of its records that is proportional to the needs of the case." Padmanabhan Decl., Dkt. 3, Ex. C at 39.

5

The parties' arguments regarding Request 18 are largely the same as those regarding Request 4.  Joint Letter, Dkt. 15 at 2–3, 6.  That said, Altice notes that Request 18 also includes internal communications that Altice could not obtain from the plaintiffs in the Underlying Litigation or the RIAA.  *Id.* at 3.

The motion to compel compliance with Request 18 is GRANTED as to responsive internal communications based on a reasonable search of the email boxes of a reasonable number of custodians, agreed upon by the parties after an in-person meet and confer.  The motion to compel compliance with Request 18 is DENIED as to communications with the plaintiffs in the Underlying Litigation and the RIAA.

### C.  Requests 20 and 21

Requests 20 and 21 seek all documents and communications concerning (i) whether potentially infringing files downloaded by OpSec correlated with an IP address assigned to an Altice subscriber and (ii) whether and when to send a notice of copyright infringement to Altice's subscribers.  Padmanabhan Decl., Dkt. 3, Ex. A at 16.  In its January 2024 Response, OpSec agreed to produce documents concerning these topics based on a reasonable search of its records that is proportional to the needs of the case.  Padmanabhan Decl., Dkt. 3, Ex. C at 42–44.

OpSec now states that it has already produced the complete evidence packages for each infringing IP address, which constitute all responsive documents, and has no further responsive documents.  Joint Letter, Dkt. 15 at 7.  Altice responds that OpSec conceded it did not search its custodians' emails for communications.  *Id.* at 3.

Because OpSec has already produced the complete evidence packages for the infringing IP addresses, Altice has not met its burden to show that production of OpSec's internal

communications responsive to these Requests is proportional to the needs of the case. The motion to compel compliance with Requests 20 and 21 is, therefore, DENIED.

### D. Requests 27 and 28

Requests 27 and 28 seek documents about the reliability or efficacy of the OpSec system, including information about false positive results, operational audits, and technical assessments and all documents concerning modifications or changes to the OpSec Online system, including change orders. Padmanabhan Decl., Dkt. 3, Ex. A at 17. In its January 2024 Response, OpSec agreed to produce documents concerning modifications or changes to the OpSec Online System in connection with OpSec Online's peer-to-peer services relating to the Copyright Works and notices of infringement sent to Altice, including documents reflecting change orders such as Jira tickets, internal wikis, or other documents used to log any changes or modifications, from January 1, 2017, to December 31, 2023, based on a reasonable search of its records that is proportional to the needs of the case. Padmanabhan Decl., Dkt. 3, Ex. C at 47–49.

OpSec asserts that its production in response to these requests is complete. Joint Letter, Dkt. 15 at 8. It states that it did not conduct any operational audits or technical assessments since the agreed-upon cut-off date of January 1, 2017, meaning that it has no responsive documents to Request 28. *Id.* Further, it produced its entire source code, which shows all changes and modifications made to the source code; it would be unduly burdensome and duplicative to produce the Jira ticket system, which contains many thousands of entries, the majority of which are unrelated to the Underlying Litigation. *Id.*

Altice suggests the Jira tickets can be produced by using filters for specific time periods, but if there is no way to further limit the production, Altice is willing to conduct its own relevance searches of the produced tickets. *Id.* at 4.

The Court finds that production of thousands of Jira tickets would be unduly burdensome, a waste of resources, and duplicative of the already-produced source code that shows all changes and modifications to the system.  For that reason, the motion to compel compliance with Requests 27 and 28 is DENIED.

For all of those reasons, the Court grants the Motion to Compel in part as to Request 18 and denies the Motion to Compel as to Requests 4, 20, 21, 27, and 28.

## CONCLUSION

For the foregoing reasons, the Motion to Compel is GRANTED IN PART and DENIED IN PART.

Not later than **Monday, April 1, 2024**, Respondent must comply with Request 18 as described in this Opinion.  Not later than **Friday, April 5, 2024**, the parties must submit a joint status letter indicating whether they anticipate any further motion practice relative to the Subpoena and whether the case can be closed.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 1.

**SO ORDERED.**

Date: March 19, 2024
New York, NY

**VALERIE CAPRONI**
**United States District Judge**